IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CANTON DROP FORGE, INC., | ) | CASE NO. 5:18-cv-01253 |
| Plaintiff, | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| TRAVELERS CASUALTY & SURETY COMPANY, *fka* Aetna Casualty and Surety Company, | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

**I.     Background**

Pending before this Court is the parties' discovery dispute over whether certain documents in Plaintiff's possession are protected by attorney-client privilege or work-product. The documents at issue are identified in the parties' joint statement identifying documents for *in camera* privilege review (Doc. 23) and summarized below:

(1) Site-Specific Background Study Work Plan for Arsenic Soil

    a. TRC000033-39, dated December 11, 2014

    b. TRC000055-61, dated December 4, 2014

(2) Technical Memorandum – Oil and Water Flow Assessment, Oil Separation Improvement Recommendations, and Improvement Cost Estimates

    a. TRC001935-45 & TRC010957-67 (duplicates), dated September 13, 2012

(3) Technical Memorandum – Oil and Water Flow Assessment and Oil Separation Recommendations

1

a. TRC001959-64 & TRC002090-95 (duplicate working copies of (3)(b) below), dated September 17, 2012

   b. TRC0002008-13, dated September 17, 2012

(4) Letter – Revised Budgetary Planning Cost Estimates for RCRA and VAP Memorandum of Agreement Track

   a. TRC010493-504, dated December 4, 2012[1]

## II.    Plaintiff's Claims of Privilege and Work Product

Plaintiff asserts that the 2012 documents are protected by attorney-client privilege and that the 2014 documents are protected by the work-product doctrine.[2]

With respect to the 2012 documents, Plaintiff contends that TRC, an environmental consulting firm, prepared the documents and provided them to counsel for Plaintiff, Godfrey & Kahn, to provide legal advice in connection with the potential purchase of CDF.  Doc. 21.

With respect to the 2014 documents, Plaintiff asserts that the documents are two different drafts of the same document which contain comments made by Kim Burke, an attorney at Taft Stettinius & Hostetler, who represented CDF in connection with the U.S. EPA's pond claim. Doc. 21.

## III.    Law and Analysis

This is a diversity jurisdiction case.  Doc. 1, p. 2, ¶ 7.  "In a diversity case, the court applies federal law to resolve work product claims and state law to resolve attorney-client claims."  *In re Powerhouse Licensing, LLC.*, 441 F.3d 467, 472 (6th Cir. 2006).

---

[1] The documents listed in section (1) above will be referred to collectively as "2014 documents" and the documents listed in sections (2)-(4) above will be referred to collectively as "2012 documents."

[2] In its privilege log, Plaintiff asserts that the 2014 documents are protected by both attorney-client privilege and work product.  Doc. 20-1, p. 1.  However, in its letter brief, Plaintiff argues only work product with respect to the 2014 documents.  Doc. 21, p. 3.

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves the public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *State ex. rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 264 (2005) (citing *inter alia*, *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1991)). The Supreme Court of Ohio has explained that the attorney-client privilege in Ohio is governed by statute, R.C. § 2317.02(A), or, in cases not covered by the statute, by common law. *Leslie*, 105 Ohio St.3d at 264 (2005). Under R.C. § 2317.02(A), absent consent or waiver, an attorney is precluded from testifying "concerning a communication made to the attorney by a client in that relation or concerning the attorney's advice to a client." R.C. §2317.02(A); *Leslie*, 105 Ohio St. 3d at 264. And, attorney-client privilege applies "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Leslie*, 105 Ohio St.3d at 265 (citing *inter alia Reed v. Baxter* 134 F.3d 351, 355–56 (6th Cir. 1998)). "The burden of establishing the existence of the privilege rests with the person asserting it." *U.S. v. Dakota*, 197 F.3d 821, 826 (6th Cir. 1999) (citing *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983)).

The work product privilege is contained in Fed. R. Civ. P. 26(b)(3)(A) and provides that:

> *Documents and Tangible Things*. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).

3

Fed. R. Civ. P. 26(b)(3)(A); *see also Cleveland Clinic Health System-East Region v. Innovative Placements, Inc.*, 283 F.R.D. 362, 368-369 (N.D. Ohio May 3, 2012) (discussing work product doctrine under Fed. R. Civ. P. 26(b)(3)). The burden of demonstrating that a document was prepared in anticipation of litigation is on the party asserting work product protection. *In re Professionals Direct Ins. Co.*. 578 F.3d 432, 439 (6th Cir. 2009). "If a document is prepared in anticipation of litigation, the fact that it also serves an ordinary business purpose does not deprive it of protection[.]" *Id.*

     <u>2012 documents</u>

The dispute with respect to the 2012 documents centers on whether the communications between a technical consultant, TRC, and attorneys for Plaintiff, Godfrey & Kahn, are protected by the attorney-client privilege. Both parties cite to legal authority addressing whether the attorney-client privilege applies to communications between technical consultants and attorneys. Doc. 21, p. 2; Doc. Doc. 20, p. 2. A review of those cases demonstrate that attorney-client privilege may but does not always extend to memoranda and reports prepared by a consultant at an attorney's request. *Compare e.g., Behr Dayton Thermal Products, LLC.*, 298 F.R.D. 369, 374 (S.D. Ohio 2013) *with Occidental Chem. Corp. v. OHM Remediation Servs. Corp*, 175 F.R.D. 431, 436-438 (W.D. NY 1997). And, while the existence of business considerations within a document will not destroy the attorney-client privilege, "[i]n order for a communication to be privileged, 'the communication must have the **primary** purpose of soliciting legal, rather than business, advice.'" *Id.* (emphasis in original). *Baker v. Chevron USA, Inc.*, 2009 U.S. Dist. LEXIS 136747, * 43 (S.D. Ohio 2009)

Having reviewed the parties' arguments and legal authority relied upon them and having conducted an *in camera* review of the 2012 documents, the Court finds that Plaintiff has

not met its burden of demonstrating that the communications are entitled to protection under the attorney-client privilege. The Court notes that, as pointed out by Plaintiff, the 2012 documents bear a legend indicating that they are privileged and confidential, attorney-client work product, and prepared at the request of counsel. However, the attorney-client privilege does not apply simply because the communication is made or sent to an attorney. *Baker*, 2009 U.S. Dist. LEXIS 136747, * 43 (internal citation omitted). Moreover, based on the Court's *in camera* review of the 2012 documents, the Court is unable to conclude that the primary purpose of the 2012 communications between TRC and Plaintiff's counsel was to assist Plaintiff's counsel with rendering legal advice in connection with a potential sale of CDF, as Plaintiff contends.

2014 documents

Plaintiff argues that work product protection applies to the 2014 documents because the drafts were prepared in connection with the U.S. EPA pond claim and that both drafts contain comments made by attorney Kim Burke in connection with the pond claim. Doc. 21, p. 3.

According to the Complaint, on January 22, 2013, the U.S. EPA issued a Notice of Violation to Plaintiff related to the accumulation of oil with the Ponds ("CDF Pond Closure Claim"). Doc. 1, p. 4, ¶ 16. On September 18, 2014, the U.S. EPA and Plaintiff entered into a Consent Agreement and Final Order to resolve the CDF Pond Closure Claim. Doc. 1, p. 5, ¶ 23. Pursuant to the Consent Agreement and Final Order, Plaintiff was ordered to submit and implement a closure plan for the Ponds through the Ohio EPA. Doc. 1, p. 5, ¶ 25. On August 9, 2016, the Ohio EPA issued a final closure letter to Plaintiff certifying Plaintiff completed final closure of the Ponds. Doc. 1, p. 5, ¶ 28.

Considering the foregoing sequence of events regarding the CDF Pond Closure Claim along with the authority cited by the parties relative to the work product claim and the Court's *in*

*camera* review of the 2014 documents, the Court finds that the December 11, 2014, draft (TRC000033-39) is attorney work-product. However, the December 4, 2014, draft (TRC000055-61) does not contain attorney comments and is not protected by the work- product doctrine.

### IV.     Conclusion

For the foregoing reasons, the Court finds that Plaintiff is not required to disclose TRC000033-39 (December 11, 2014, Site-Specific Background Work Study Plan for Arsenic in Soil). However, on or before March 19, 2019, Plaintiff shall provide Defendant with copies of the other documents that are the subject of the present discovery dispute.

IT IS SO ORDERED.


Dated: March 14, 2019                           */s/ Kathleen B. Burke*
                                                Kathleen B. Burke
                                                United States Magistrate Judge